(No. 35784.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES RIVERS, Plaintiff in Error.

*Opinion filed September 22, 1961.*

CLARENCE BRYANT, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

The defendant, Charles Rivers, in the criminal court of Cook County, pleaded guilty to the crime of assault with intent to commit robbery. The case is in this court on a writ of error in which the defendant contends that the court did not properly explain to the defendant the consequences of his plea and also that the court, on its own motion, appointed counsel for the defendant without ascertaining whether the defendant was able to obtain counsel of his own choice.

The record which was originally filed in this court did not contain a transcript of the proceedings at the time of the defendant's arraignment nor a transcript of the proceedings at the time of the defendant's plea of guilty. The brief of the defendant relies upon the fact that this transcript is not made a part of the record and correctly points out that Rule 26 of this court provides that a transcript of such proceedings must be made a part of the common-law record. As we pointed out in *People* v. *Washington,* 5 Ill.2d 58, the very purpose of that rule was to provide a form of procedure which would eliminate any doubt that a plea of guilty was made with full knowledge and understanding. Since no such transcript was contained in the record originally filed herein, the arguments of the defendant, which were based upon that record, appeared to be well-founded. However, by leave of court, the State filed a supplemental record containing such a transcript. That transcript shows that the court asked the defendant whether he had his own attorney. The defendant replied that he had no attorney and was unable to employ one. The court then appointed the public defender and the defendant made no objection. The supplemental record also shows that at the time of the defendant's plea of guilty, his appointed counsel asked him whether he was satisfied with the representation he had received and the defendant replied that he was

satisfied. The court then fully informed the defendant of his right to trial by jury and informed him of the consequences of his plea. The defendant admitted his guilt and persisted in his plea of guilty. Under these circumstances, we are satisfied that the judgment of conviction was proper and the judgment is affirmed.

*Judgment affirmed.*