THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS HINKLE, Defendant.

(No. 70-127; 

Second District—August 5, 1971.

MORAN, P. J., dissenting.

Morton Zwick, Director of Defender Project, of Chicago, (E. Roger Horsky and Ralph Ruebner, of counsel,) for appellant.

James E. Boyle, State's Attorney, of Sycamore, (Charles Marshall, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WILLIAM L. GUILD delivered the opinion of the court:

Defendant was sentenced in the circuit court of De Kalb County to a term of 1-5 years in the penitentiary after waiver of his right to counsel, indictment, trial. He entered a plea of guilty and applied for probation which was denied. On direct appeal from his conviction for theft, defendant claims error in failure of the trial court to advise him of his constitutional right to assistance of counsel at the time of sentencing.

In June of 1969, the defendant and his female companion went to a used car lot in De Kalb at night, broke a window in a 1960 Chevrolet and when they could not start it, they towed it to a barn. In about a week the defendant had removed the motor and transmission from the stolen car and installed them in the girl's car.

The defendant had been released on parole two months earlier, after having served two years of a 2-4 year sentence imposed for burglary.

At arraignment on June 27, 1969, the court was informed defendant had been served with a copy of the information, and the following colloquy ensued:

"THE COURT: Do you have a lawyer?

DEFENDANT: No, I don't.

THE COURT: Do you understand you have a right to have a lawyer represent you at all stages from now on? Do you intend to hire a lawyer?

DEFENDANT: No Sir, your Honor, I would like to enter a plea of guilty.

THE COURT: What?

DEFENDANT: I would like to enter a plea of guilty.

THE COURT: Your age is what?

DEFENDANT: 20.

THE COURT: Speak up now so she can take this down. You understand the right to a lawyer includes the right to have the public defender appointed for you if you have no funds, the court could upon your request appoint the public defender. Do you want to ask for the public defender?

DEFENDANT: No, Sir, your Honor."

There was no further reference to counsel until after pronouncement of sentence three weeks later, but step by step, defendant was then advised of his right to indictment and signed a waiver; his right to jury trial, and signed a waiver; his right to trial by court, and the possible penalty. After defendant stated he was pleading guilty because he was in fact guilty and that no promise or threats had been made by anyone, the plea was accepted and the matter continued for defendant to file an application for probation.

A pre-sentence investigation report prepared by a Probation Officer lists additional convictions for no driver's license, petty theft, contributing to the sexual delinquency of a child, and leaving the scene of an accident. It further indicates the same trial court judge handled the present and all previous charges against defendant. After opportunity to read the report during a brief Court recess, defendant acknowledged the prior petty theft and did not dispute any other statements in the report.

At the hearing on probation, July 18, 1969, the trial judge said the parole officer was there to take defendant back "whatever the court did." The State adopted the probation officer's report as aggravation, and when asked if he had any mitigation evidence, defendant said he could see nothing else. The assistant state's attorney, however, said defendant had aided the police and had testified in three criminal cases, and upon the State's recommendation, defendant was sentenced to a term of 1-5 years.

Defendant concedes on this appeal that his right to counsel at arraignment was effectively waived. The question turns upon the court's failure to again advise him of this right at sentencing.

■ Like other rights, assistance of counsel can be knowingly and

intelligently waived and the Constitution does not require that counsel be forced upon a defendant. (*Carter v. Illinois*, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172; *People v. Bush* (1965), 32 Ill. 2d 484, 207 N.E.2d 446; *City of Chicago v. Kiger* (1970) (Ill.App.2d), 264 N.E.2d 488.) But courts indulge every reasonable presumption against waiver and acquiescence in the loss of fundamental rights. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

While persons accused of federal crimes have long enjoyed the right to counsel guaranteed by the sixth amendment of the constitution of the United States, persons accused of serious state crimes could not necessarily claim the same protection until *Gideon v. Wainright*, 372 U.S. 355, 83 S.Ct. 792, 9 L.Ed. 2d 799, swept away a double standard and extended that fundamental right to defendants in state courts through the due process clause of the Fourteenth Amendment. It was rapidly expanded to critical stages other than the trial itself, as custodial interrogation (*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694); pre-trial identification procedures (*United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149); preliminary hearing (*Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999,); and in *Mempha v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, to sentencing following revocation of probation. *Mc Connell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed. 2, applied the *Mempha* rule retroactively.

■ We agree that sentencing is a critical stage of the proceeding, and in so doing are in agreement with *People v. Vesley*, 86 Ill.App.2d 283, 229 N.E.2d 886, and with the majority of other States. (*Trimble v. State of Florida*, 170 S.2d 453; *State v. Strickland*, 27 Wis.2d 623, 135 N.W.2d 295.) Later Case Service, 20 A.L.R.2d 1240-1246, Secs. 1, 3, notes a few decisions to the contrary. It indicates many findings of federal and state courts before *Mempha*, supra, that sentencing is a critical state with a right to assistance of counsel unless there has been an effective waiver.

These cases usually involve sentencing of a defendant in the absence of counsel, although there had been representation or appointment of counsel at an earlier stage of the proceeding. We must consider then, the suggestion of the State that this situation is distinguishable because defendant's effective waiver at arraignment continued through the subsequent sentencing. This is the rationale of a few cases noted in Later Case Service, 20 A.L.R.2d 1240-1246, sec. 3, including in Re *Grayson*, 242 Cal.App.2d 110, 51 Cal.Rptr. 145, which was decided prior to *Mempha v. Rhay*, supra. The *Grayson* court said the right need not be repeated every time the defendant comes to court, and that generally, where there has been an effective waiver, he must take some affirmative steps to reinstate the right to assistance of counsel.

■ We must disagree in recognition of the flow of the law from *Gideon v. Wainright, supra,* and the explicit direction of the Illinois Supreme Court:

"A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected the representation of appointed counsel." *People v. Hessenauer,* 45 Ill.2d 63, 256 N.E.2d 791.

■ There was no waiver of the right to assistance of counsel at sentencing as the record clearly shows there was neither offer nor rejection. It is to be expressly noted that the record discloses no plea bargaining in this case. The defendant merely plead guilty to the offense charged. In this respect this case differs somewhat from those cases in which defendant has been represented by counsel and has entered into a "negotiated plea." The ruling in this case is applicable to the instant factual situation where the defendant had no counsel at any time.

We therefore affirm the judgment of guilty and reverse the order denying probation and imposing sentence. This cause is remanded with directions to set aside that order and to hold further proceedings consistent with the views expressed in this opinion.

Affirmed in part, reversed in part, and remanded with directions.

ABRAHAMSON, J. concurs.

Mr. PRESIDING JUSTICE MORAN, dissenting:

The opinion of the court declares that, "Sentencing is a critical stage with a right to assistance of counsel *unless there has been an effective waiver.*" (Emphasis added.) While agreeing with the basic tenet, my differing view stems from the interpretation and application of the emphasized portion to the case at bar.

The citations in the majority opinion relate to the assistance of counsel during the critical stages of a criminal proceeding, there being five such stages: interrogation, identification, preliminary hearing, arraignment and sentencing, the last to include a hearing for the purpose of revoking probation. I have no disagreement with the cited cases under the circumstances disclosed by each, but feel that they are not responsive and can each be distinguished from the issue presented in this review. A reading of the cases discloses that the defendant was not admonished of his right to counsel, was improperly admonished of such right or, even though represented, his counsel was not present at one of the critical stages of the case.

In *Hessenauer,* one of the principle cases relied upon by the majority,

counsel was appointed for the defendant at his preliminary hearing. Subsequently, at his arraignment, the defendant appeared *pro se* and entered a plea of guilty. Prior to the entry of the plea, he was advised of his right to be indicted by the grand jury, his right to trial by jury and his right to be represented by an attorney during trial. However, he was not advised of his right to have counsel present at this arraignment while his rights were being explained and waived. The judge made no inquiry with regard to the absence of the attorney whom he had appointed, nor did he ask the defendant if he wished to proceed without counsel. Quite obviously, the case was reversed for failure to advise the defendant of his right to counsel at a critical stage of the proceeding—the arraignment itself.

In *Vesley,* the defendant was originally improperly arraigned; however, this was corrected and, upon re-arraignment, the Public Defender was appointed to represent him. At the time of sentencing, for some unexplained reason, the Public Defender did not appear. The court proceeded and sentenced the defendant. Obviously, the case should have been, and was, reversed. The same factual background is found in *Trimble* and *Strickland,* and the same results correctly followed.

In the instant case, the admonishment was unusually explicit in covering, not only the arraignment stage, but also the sentencing stage, when the judge asked the defendant, "Do you understand you have a right to have a lawyer represent you *at all stages from now on?*" (Emphasis my own.) The majority found this to be a proper waiver of counsel for acceptance of a plea of guilty, but insufficient as to the waiver of counsel at the sentencing stage.

Before accepting the plea of guilty, the trial court advised the defendant of his right to counsel in strict compliance with Supreme Court Rule 401 (Waiver of Counsel) and 402 (a)-(c) (Plea of Guilty). Both rules provide that the defendant must be informed of the minimum and maximum sentence that may be imposed. This was done.

It is my opinion, because of the verbiage used by the court, and even though a three-week period intervened between the acceptance of the plea and sentencing (which is customary), the defendant knew and understood that his waiver of counsel at the time of arraignment meant a complete waiver of counsel for the balance of the proceedings then under consideration by the court.

We are not here concerned with whether a waiver of counsel at the time of revocation of probation, preliminary hearing or preceeding critical stages constitutes a waiver at the time of arraignment, nor are we concerned with fully protecting the rights of the accused on the basis of his innocence. What is involved is whether an admitted offender can,

at the time of arraignment, on a plea of guilty, waive counsel for the ensuing proceedings when a proper admonishment has been given.

It is my opinion that there was no duty upon the trial judge in this case to repeat the charge prior to sentencing. Once the right has been properly explained and waived, as I believe was done in this case, the defendant should have the duty to take some affirmative action to reinstate the waived right.

I am of the opinion that the defendant herein effectively waived his right to counsel for the purpose of sentencing and, therefore, I would affirm the trial court in all respects.