THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. LOUIS MILES, Defendant-Appellant.

(No. 73-197;

Fifth District—May 29, 1974.

Robert E. Farrell and Brenda E. Richey, both of Office of State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On a plea of guilty in the Circuit Court of Williamson County defendant was convicted of burglary and sentenced to the penitentiary for a term of not less than 3 nor more than 12 years. In this appeal defendant contends that the trial court erred, (1) in failing to inform him that he had a right to counsel at the hearing in aggravation and mitigation, and (2) in failing to inquire further into the voluntary nature of his guilty plea when at sentencing defendant made a remark indicating that his plea may have been induced by threats.

At defendant's arraignment, 2 days after the crime, he requested that he be allowed to plead guilty immediately. The record reveals the court's reluctance to accede to this request, but, on defendant's insistence, the court did agree to accept his plea after a detailed and thorough admonition as to his constitutional rights. Defendant makes no contention that at this time he did not intelligently and understandingly waive his right to counsel, nor does he dispute that the record clearly shows at this time that his plea was wholly voluntary, uninfluenced by any threats, promises or coercion.

The first question posed is whether the effective waiver of counsel at arraignment continues through subsequent sentencing procedures.

██ We find such question has been considered previously and answered strongly in the negative. In *People v. Vesley*, 86 Ill.App.2d 283, it was held that the imposition of sentence in a criminal case is a critical stage of the trial and within the rule that the right of an accused to counsel extends to all critical stages of a proceeding. (See also *Mempa v. Rhay*, 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254.) In addition, our supreme court has held that a finding of waiver will not be made unless it appears from the record in each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. (*People v. Hessenauer*, 45 Ill.2d 63.) In *People v. Hinkle*, 1 Ill.App.3d 202, the court found that a sentence imposed upon a defendant following his guilty plea, with neither offer nor rejection of counsel during the sentencing process, will be required to be set aside as imposed without effective waiver of counsel, even though the defendant, who had no counsel at any

time, expressly waived his right thereto at an earlier stage of the proceeding.

We find the facts of the case before us come within these rules and are governed thereby. The record is clear, and, in fact, it is undisputed that defendant appeared without counsel at his hearing in aggravation and mitigation, and that sentence was imposed without any mention of defendant's right to counsel, nor any offer being made to appoint counsel. Under these circumstances defendant's previous effective waiver of counsel cannot be considered as a continuing waiver carrying over and through the subsequent sentencing process. We therefore affirm defendant's conviction based upon the proper acceptance of his guilty plea, but we reverse the order imposing sentence and remand the cause with directions to vacate said sentence and to hold further proceedings consistent with the views herein expressed.

With reference to defendant's second contention it appears that immediately following imposition of sentence and when the court was explaining to defendant his right to appeal, the following colloquy occurred:

"Court: * * * If you desire to appeal you may do so within 30 days.

Defendant: Can I tell you now that I do?

Court: Yes * * *

Defendant: Okay, cause when I was here before I said—you asked me if I was threatened to plead 'guilty' and I said 'No', but I can prove it.

Court: Alright, you can proceed with your Notice of Appeal * * * the Court Reporter will furnish you with a transcript of the proceedings."

Defendant argues from the above that even though in previously accepting defendant's plea the court may have properly determined its voluntariness in compliance with Supreme Court Rule 402(b) (Ill. Rev. Stat., ch. 110A, sec. 402), nonetheless, when confronted with defendant's statement in the later proceeding that he was threatened, the court should have inquired further into the basis of his assertion. It is contended that the failure to do so gives rise to doubt as to voluntariness and casts a shadow upon acceptance of the plea. From the colloquy it would appear that defendant's statement was not intentionally ignored by the court but rather inadvertently overlooked. Defendant did not press his point, nor does he make any specific statement on appeal that there were in fact any threats made to obtain his guilty plea. However, we tend to agree that further inquiry by the court would have been preferable, particularly in view of the fact that defendant was appearing

134

without counsel. We therefore direct that in the new sentencing proceeding contemplated by this opinion further appropriate inquiries should be made of defendant in open court relative to said alleged threats.

■■ There being no evidence at this time that defendant's plea was other than voluntarily and understandingly made, the judgment of the Circuit Court of Williamson County is affirmed with the condition that if the court determines on further inquiry as above directed that defendant's plea was not voluntary, then the judgment should be vacated and such further proceedings had as necessary.

Conviction affirmed, sentence set aside and cause remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.