THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL J. McCAFFREY, Defendant-Appellant.

(No. 73-153;

Second District (2nd Division)—July 3, 1975.

Paul McCaffrey, *pro se,* of Dixon, and Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Paul J. McCaffrey, was charged, in Lee County, in an amended criminal complaint with possession of more than 2.5 but less than 10 grams of marijuana. At the arraignment defendant waived counsel and demanded a jury trial. Subsequently, defendant conducted his own defense in a jury trial and was found guilty. Thereafter a hearing in aggravation and mitigation was held, with the public defender of Lee County appointed, "* * * as Friend of the Court to assist you in legal matters raised by the Court by the psychiatric examination." Upon defendant's objection, the previously ordered psychiatric report was not admitted into evidence. After testimony by the probation officer and defendant, defendant was sentenced to 60 days in jail. Defendant argues on appeal that he was not advised of his right to counsel.

The issue on appeal is:

Did the trial court commit reversible error in not advising defendant at the jury trial and at the hearing in aggravation and mitigation of his right to counsel?

■■ It is beyond cavil that defendant here was entitled to counsel. (*Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.) However, the right to counsel can be waived as the constitution does not mandate that a defendant be forced to utilize counsel. *Carter v. Illinois,* 329 U.S. 173, 91 L.Ed. 172, 67 S.Ct. 216, *People v. Bush,* 32 Ill.2d 484.

Defendant here was informed of his right to counsel at his arraignment and again when the State was given leave to file an amended complaint. A week after this second admonishment, defendant went to trial. The hearing in aggravation and mitigation took place approximately a month after the trial.

■■ A defendant will not be found to have waived counsel unless the record indicates "* * * that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." (*People v. Hessenauer,* 45 Ill.2d 63, 68.) This statement of the law is not to be divorced from the factual context in which it appears. In *Hessenauer,* the defendant, at his preliminary hearing, specifically requested an attorney and had an attorney appointed to represent him. This appointed counsel never talked with the defendant and even withdrew from the case prior to the defendant's arraignment. Subsequently, the defendant appeared at

both his arraignment and at his guilty plea hearing without counsel. The defendant in *Hessenauer* never did waive his right to counsel at arraignment but rather had specifically requested counsel. The court in *Hessenauer* said that since arraignment was a critical stage in a felony case the defendant had to be informed by the trial court of his right to counsel at arraignment. When the defendant in *Hessenauer* appeared pro se at his arraignment, although the trial judge had appointed counsel for him at the preliminary hearing, the judge should have inquired as to the absence of the appointed attorney and asked the defendant if he wished to waive counsel.

Defendant also cites *People v. Slaten*, 13 Ill.App.3d 317, in support of his contention. *Slaten* is readily distinguishable on its facts, as it involved a defendant who was originally represented by privately retained counsel who withdrew. At his arraignment, the defendant in *Slaten* had been informed of his right to counsel. However, after the privately retained attorney had withdrawn, the court informed the defendant that he would be tried without a lawyer on the trial date unless he appeared with an attorney. When the defendant appeared without an attorney, the court made no inquiry. In *Slaten*, as in *Hessenauer*, there was simply no clear waiver of the right to appointed counsel.

Unlike the situations presented in *Hessenauer* and *Slaten*, in the instant case the defendant unequivocally stated that he wished to waive his right to appointed counsel *and defend himself*. He waived his right to appointed counsel on the date originally set for trial, on which date the State was given leave to amend the complaint and the trial set over for 1 week. He indicated that he had previously waived his right to counsel at his arraignment on the original complaint. Defendant also indicated that he had represented himself before in a jury trial. Defendant stated that he was ready to go to trial immediately. The trial was delayed for a week in order to get a jury panel. Unless we are to exalt form over substance, we can see no other conclusion than that defendant was properly informed of and waived his right to counsel at his jury trial. The right to defend in person is as basic as the right to counsel. *People v. Nelson*, 47 Ill.2d 570, 574.

■■ Defendant also argues that, at least, this case must be remanded for a new sentencing hearing because he was not informed of his right to counsel at his sentencing hearing. Sentencing is a critical stage with the right to assistance of counsel, unless there is an effective waiver. (*People v. Hinkle*, 1 Ill.App.3d 202. See also *People v. Miles*, 20 Ill.App.3d 131.) Both of these cases indicate that if the defendant is not specifically informed of his right to counsel at the sentencing hearing and specifically waives that right, the cause is to be remanded for a new sentencing hear-

ing. Given the factual setting of the instant case, we disagree. We find the better rule to be that enunciated by Justice Moran in his dissent in *Hinkle,* that once the right to counsel had been explained and waived the defendant had a duty to take some affirmative action to reinstate that right. *Hinkle* and *Miles* both literally apply the rule set forth in *Hessenauer* without any consideration of the factual context which gave rise to that rule. As mentioned above, the factual context of *Hessenauer* was drastically different from the instant case. In the case at hand defendant waived his right to counsel in a clear manner and proceeded to defend himself, as the record indicates, in an articulate and intelligent manner. The record in the instant case gives rise to no likelihood that the defendant may not have clearly understood his right to counsel. A waiver of counsel, once made and not retracted, is operative throughout the proceedings. 23 C.J.S. *Criminal Law* sec. 979(3) R. 98.16 (Supp. 1975) citing *Arnold v. United States* (9th Cir. 1969), 414 F.2d 1056, *cert. denied,* 396 U.S. 1021, 24 L.Ed.2d 514, 90 S.Ct. 593, and cases from Arizona, California, New Hampshire, Washington, and Wisconsin.

Also, the public defender was appointed as amicus curiae to assist defendant in "* * * legal matters raised by the court by the psychiatric examination." It is clear that such examination was a matter of course in drug cases. Defendant objected to the admission of the psychiatric report and the trial judge sustained him. This objection amounted to a repudiation of the public defender's assistance, as he was appointed to deal with matters raised by the psychiatric examination. It is also an indication that defendant wanted to be in charge of the sentencing hearing. To the extent that *Hinkle* is contra to our finding that defendant in the instant case was properly informed of and waived his right to counsel, even as to the sentencing hearing, we decline to follow it.

■■ Finally, we note that defendant filed a pro se brief in addition to the brief by the office of the State Appellate Defender on the points discussed above. In his pro se brief defendant apparently argues that the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 701 *et seq.*) proscription of private marijuana use is unconstitutional as a violation of equal protection. Suffice it to say that given the less than conclusive state of current knowledge regarding marijuana and its possible dangers and given the fact that the Cannabis Control Act has significantly lessened the penalties for marijuana possession from those in the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—2—1 *et seq.*), the Cannabis Control Act is within the police power of the State. There is no substance to the argument raising the issue of unconstitutionality in the instant case. In *People v. McCabe,* 49 Ill.2d 338, the Illinois Supreme Court held that classifying marijuana under the Uniform Narcotic Drug Act was a de-

privation of equal protection of the law. The court also said, at 350, "We would observe that the legislature has recently removed marijuana from the Narcotic Drug Act and reclassified it under the Cannabis Control Act * * *. This reclassification is not inconsistent with what we have said here."

For the foregoing reasons, the judgment of the Circuit Court of Lee County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.