THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OLLIE BOBO, Defendant-Appellant.

(No. 74-213;

Third District—November 10, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria (F. Stewart Merdian and Bernard Rivkin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Ollie Bobo, age 20, was indicted for felony theft, and following a jury trial where she appeared without counsel she was found guilty of misdemeanor theft. After a sentencing hearing she was sentenced to a three-month term of incarceration in the Peoria County jail. The court later modified this sentence to a term of periodic imprisonment.

On appeal in this court, the defendant contends that the trial court

erred by proceeding with a jury trial at which defendant appeared *pro se* without obtaining a proper waiver of counsel under the requirements of Supreme Court Rule 401(a), which provides as follows:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law * * *; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 58 Ill.2d R. 401(a).

Because of an incomplete report of proceedings, both parties seem to agree that the defendant was not informed of the possible penalty and was informed on the day of the trial, March 19, 1974, that the charge was theft with no further explanations.

It is beyond question that defendant here was entitled to counsel. However, the right to counsel can be waived as the Constitution does not mandate that a defendant be forced to utilize counsel. *Carter v. Illinois*, 329 U.S. 173, 91 L.Ed. 172, 67 S.Ct. 216; *People v. Bush*, 32 Ill.2d 484, 207 N.E.2d 446; *Faretta v. California*, 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525.

■■ In examining the record we note that the *praecipe* filed requests a transcript of the proceedings of the arraignment hearing as well as a transcript of the hearings on all motions. The record however did not contain these transcripts, and the defendant states, on page 6 of her brief, "No transcripts exist." The State likewise failed to furnish a complete report of these proceedings pursuant to Supreme Court Rule 608(a), nor was there any "agreed statement of facts" in lieu of a proper report of proceedings as Supreme Court Rule 323(d) provides. Rule 401(a) requires that any waiver of counsel shall be in open court and in addition provides for a verbatim report in 401(c):

"(c) Transcript Required. The proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

The requirement that the inquiries of the court and the answers of the accused shall be recited in the record has, as one of its purposes, obviously, provision for a form of procedure which will eliminate any

doubt that there was compliance with the rule. (*People v. Rivers*, 22 Ill. 2d 590, 177 N.E.2d 154; *People v. Washington*, 5 Ill.2d 58, 124 N.E.2d 890.) The procedure established by the rule is mandatory.

Through error or inadvertence the hearings prior to trial were not included in the original record filed in this court on June 21, 1974. Under such circumstances, this court feels substantial justice should not be emasculated through such happenstance.

Consequently, this court was presented with either accepting an incomplete report of proceedings or ordering the record to be completed by adding matters which should have been included pursuant to Supreme Court Rule 366(a)(3). A supplemental report of proceedings was requested and promptly filed by the Circuit Court of Peoria County in this court on October 10, 1975. This contained reports of proceedings for February 4, 1974, February 20, 1974, and March 1, 1974, all of which demonstrate compliance with Rule 401(a).

An arraignment hearing before Judge Haugens was held on February 4, 1974, and the defendant acknowledged that she received a copy of the indictment. The following colloquy then occurred:

> "Court: The indictment charging you with the offense of theft more in particular, the indictment charges you on June 16, 1973 in Peoria County, with knowingly exerting unauthorized control over property of Belscot Retailers, Inc., a corporation, said property being men's and women's clothing and sunglasses having a total value of more than $150 and that you did by doing so intended to permanently deprive the owner of the use and benefit of this property. Do you understand the charge that's been placed against you, Ma'am?
>
> Def. Bobo: Yes, I do.
>
> Court: . . . the offense with which you are charged is defined as a Class Three felony, meaning, of course, if you are convicted of this offense you are subject to be sentenced to serve a term in the penitentiary system of the Illinois Dept. of Corrections of not less than one nor more than ten years, plus three years of parole supervision by the Illinois Parole & Pardon Board. In addition thereto, you may be fined not to exceed $10,000. In view of the fact, Ma'am, you are charged with a serious charge you are entitled to be represented by a lawyer before proceeding any further. Have you secured the advice and representation of a lawyer, Ma'am?
>
> Def. Bobo: Yes.
>
> Court: Who have you had?
>
> Def. Bobo: Mr. Sonnemaker.

Court: . . . the court will continue this matter to Feb. 19 at 9:30 a.m.

Again on Feb. 20, 1974 the following colloquy before the same occurred:

Court: . . . on Feb. 4, 1974 you advised me that you had talked to Attorney Sonnemaker.

Def. Bobo: Yes I did.

Court: And that you believed that he was going to represent you in this cause and I therefore continued the cause to—actually it was continued to the 19th day of February, yesterday, for you to secure counsel and have counsel enter his appearance. Have you secured counsel, Ma'am?

Def. Bobo: No, I haven't.

Court: Do you intend to secure your own lawyer?

Def. Bobo: No.

Court: Pardon?

Def. Bobo: No.

Court: You understand under the law that if you request the court and the court finds that you do not have the funds to employ a lawyer that the court is under a duty to appoint one to represent you. Do you understand that? Do you wish to make a request for court-appointed counsel?

Def. Bobo: No, I don't.

Court: You are going to represent yourself?

Def. Bobo: (nodding head)

Court: . . . you believe you are capable of representing yourself in this cause, Ma'am?

Def. Bobo: Yes, I do.

Court: And you fully and completely understand do you—I want the record to clearly show this, Ma'am—that you have the right to be represented by a lawyer of your choice?

Def. Bobo: Yes.

Court: . . . under the law, due to the seriousness of the offense with which you are charged, this Court owes a duty to you to provide you with Counsel if the Court finds that you do not have the funds to employ a lawyer. That is done by, if you would request the Court to appoint a lawyer for you, your filling out an affidavit as to your income, your assets, your liabilities, and the Court would make a determination. If the Court found that you did not have sufficient assets or money to employ a lawyer, the Court would appoint you one. Do you understand that?

Def. Bobo: Yes, I understand that.

Court: Is it clear to you?

Def. Bobo: Yes.

Court: And you are telling the Court that you don't even want to request a Court-appointed lawyer, is that right, Ma'am?

Def. Bobo: That is right.

Court: . . . So, all right then, since you tell the Court that you don't want a lawyer, you are not making application to the Court for a Court-appointed lawyer and you haven't seen any other lawyers and Mr. Sonnemaker is not going to represent you and you indicated to me at this time you are going to represent yourself, is that right?

Def. Bobo: Yes."

The court further extensively admonished defendant of her constitutional rights and those under Rule 401(a) again on March 1, 1974, and to relate the actual colloquy would serve no useful purpose. "[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." *People v. Doyle*, 20 Ill.2d 163, 166-67, 169 N.E.2d 250; *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ A search of the record by the reviewing court, as well as the production of a supplemental record that defense counsel thought didn't exist, is not to be relied on by counsel as a form of labor-saving device hereafter, though the court might search the record to find reason for affirmance, it will not do so to find grounds for reversal. *People v. Stills*, 302 Ill.App. 302, 23 N.E. 822; *Village of Glencoe v. Hurford*, 317 Ill. 203; *McGovern v. City of Chicago*, 202 Ill.App. 139, 118 N.E. 3.

■■ This record affirmatively shows that the defendant was not only advised of her rights on more than three occasions by Judge Haugens, but that he actually warned defendant that he thought it was a mistake not to accept the assistance of counsel. We believe in the case at hand defendant waived her right to counsel in a clear manner and proceeded to defend herself, as the record indicates, in an intelligent manner. A waiver of counsel once made and not retracted is operative throughout the proceedings. 23 C.J.S. *Criminal Law* § 979(3), n. 98.16 (1975 Supp.), citing *Arnold v. United States* (9th Cir. 1969), 414 F.2d 1056, *cert. denied*, 396 U.S. 1021, 24 L.Ed.2d 514, 90 S.Ct. 593; *People v. McCaffrey*, 29 Ill.App.3d 1088, 332 N.E.2d 28.

Therefore the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.