THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SAUNDERS, Defendant-Appellant.

Second District (1st Division)    No. 74-323

Opinion filed April 20, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

James M. Carr, State's Attorney, of Sycamore (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Following a bench trial, the defendant, James Saunders, was convicted of battery, and sentenced to a term of 5 months at the State Penal Farm at Vandalia, Illinois. On appeal, the defendant contends that he was denied his right to counsel at critical stages of the proceedings, and that therefore, his conviction should be reversed and remanded for a new trial. After a careful examination of the record on appeal, we conclude that the defendant knowingly and intelligently waived his right to counsel after being informed of this right by the trial court. We therefore affirm the judgment of conviction.

The defendant was charged with the offense of battery in violation of section 12—3(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)(1)). Since no court reporter was present at the arraignment, the first trial date, the continued trial date, or the sentencing hearing, there is no transcript of the proceedings available. However, in accordance with Supreme Court Rule 323(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c)), the State has filed a bystander's report of the proceedings certified by the trial judge.

From the common-law record and the certified bystander's report of the proceedings, it appears that at the arraignment on April 19, 1974, the defendant failed to appear when the case was called, and the court ordered a bond forfeiture and warrant issued for his arrest. Shortly thereafter, the defendant appeared, and on the defendant's own motion, the court vacated the bond forfeiture and quashed the warrant. Then, according to the certified bystander's report of the proceedings, it appears that the judge informed the defendant of the charge against him, that the defendant expressed his understanding of the charge, and that the defendant entered a plea of not guilty. According to the certified

bystander's report of the proceedings, the judge then informed the defendant that if he were indigent, the court would appoint counsel to represent him. In response, the defendant stated that he understood this right, but that he intended to defend himself. Next, the court explained to the defendant that he had the right to a trial by jury or to a trial by the court sitting without a jury. The defendant then expressed his understanding of these rights and stated that he wished a bench trial. At that time, the defendant signed a jury waiver. The case was then set for trial on June 4, 1974.

Subsequently, the State's Attorney filed a motion for a continuance, and the court reset the case for trial on July 9, 1974. On that date, the State orally moved for a list of witnesses, which was granted. Then, the defendant requested a one day continuance to enable him to secure the attendance of the witnesses he proposed to present in his defense. The defendant's motion for a continuance was granted. According to the certified bystander's report of the proceedings, on July 9, 1974, "The Court again explained to the defendant that he had a right to be represented by an attorney but the defendant persisted in his request that he be allowed to represent himself."

On the following day, July 10, 1974, the case was called for trial. At this time, the defendant presented a motion for the appointment of the public defender to represent him. According to the certified bystander's report of the proceedings and entries on the court docket sheets, the court denied the defendant's motion on the grounds that on the previous day the defendant had persisted in his request to represent himself, after being admonished of his right to an attorney. The case proceeded to trial, and the court found the defendant guilty of the offense of battery. Subsequently, after a sentencing hearing, in which the defendant represented himself, he was sentenced to a term of 5 months at the State Penal Farm at Vandalia, Illinois.

The defendant asserts in his brief that he requested counsel and presented an affidavit of assets and liabilities to the court at the time of his arraignment. Further, the defendant argues that the entries on the court docket sheets fail to indicate that the trial judge advised him of his right to counsel at the arraignment, which is a critical stage in the proceedings. The defendant also argues that he was denied the assistance of counsel at the trial and at the sentencing hearing and that he did not knowingly and intelligently waive his right to be represented by counsel.

The defendant has relied on *People v. Lyons* (1974), 19 Ill. App. 3d 294, 311 N.E.2d 370, where we ruled that the common-law record in that case was not sufficient to show that the defendant was advised of his right to counsel or that he knowingly and intelligently waived his right to be represented by counsel. However, in *Lyons*, this court noted that neither

the defendant nor the State had furnished a bystander's report of the proceedings in accordance with Supreme Court Rule 323(c). In the case at bar, the State has filed a bystander's report of the proceedings, certified by the trial court in compliance with Supreme Court Rule 323(c), and thus has furnished a more complete basis for a review of the issues.

■■ After reviewing both the common-law record and the bystander's report of the proceedings, we conclude that the defendant's assertions that he requested counsel at his arraignment, that the court failed to inform him of his right to counsel at his arraignment, and that he did not knowingly and intelligently waive his right to counsel are not substantiated by the record on appeal. Rather, the record demonstrates that at the arraignment the trial judge fully advised the defendant of his right to counsel and that the defendant knowingly and intelligently waived this right. Further, the record establishes that on the first trial date, ' the court again advised the defendant of his right to counsel and that the defendant again waived his right to counsel and persisted in his request to represent himself. Thus, at both the pretrial and the trial stages of the proceedings, the defendant was advised of his right to counsel and knowingly and intelligently waived this right.

■■ The bystander's report of the proceedings in this case fails to include a report of the sentencing hearing. The entries on the court docket sheets indicate that the defendant was not represented by counsel at the sentencing hearing, but fail to indicate whether the court advised the defendant of his right to counsel at this critical stage of the proceedings. In *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 332 N.E.2d 28, this court recently stated:

> · "Defendant also argues that, at least, this case must be remanded for a new sentencing hearing.* * * Sentencing is a critical stage with the right to assistance of counsel, unless there is an effective waiver. (*People v. Hinkle*, 1 Ill. App. 3d 202. See also *People v. Miles*, 20 Ill. App. 3d 131.) Both of these cases indicate that if the defendant is not specifically informed of his right to counsel at the sentencing hearing and specifically waives that right, the cause is to be remanded for a new sentencing hearing. Given the factual setting of the instant case, we disagree. We find the better rule to be that enunciated by Justice Moran in his dissent in *Hinkle*, that once the right to counsel had been explained and waived the defendant had a duty to take some affirmative action to reinstate that right. *Hinkle* and *Miles* both literally apply the rule set forth in *Hessenauer* without any consideration of the factual context which gave rise to that rule. As mentioned above, the factual context of *Hessenauer* was drastically different from the instant case. In the case at hand defendant waived his right to counsel in a clear

manner and proceeded to defend himself, as the record indicates, in an articulate and intelligent manner. The record in the instant case gives rise to no likelihood that the defendant may not have clearly understood his right to counsel. A waiver of counsel, once made and not retracted, is operative throughout the proceedings. 23 C. J. S. *Criminal Law* sec. 979(3) R. 98.16 (Supp. 1975) citing *Arnold v. United States* (9th Cir. 1969), 414 F. 2d 1056, *cert. denied*, 396 U. S. 1021, 24 L. Ed. 2d 514, 90 S. Ct. 593, and cases from Arizona, California, New Hampshire, Washington and Wisconsin." *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 1090-1091, 332 N.E.2d 28.

Here, as in *McCaffrey*, at the pretrial and trial phases of the proceedings, the defendant was fully advised of his right to the assistance of counsel, knowingly and intelligently waived the right to counsel, and expressed his desire to represent himself. Under these circumstances, we conclude that the defendant's effective waiver of counsel during the pretrial and trial phases of the proceedings was operative at the sentencing hearing.

We therefore affirm the judgment of conviction.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.