THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY W. KIOUS, Defendant-Appellant.

Fifth District   No. 79-250

Opinion filed November 14, 1979.—Rehearing denied December 14, 1979.

John H. Reid and Patricia L. Morris, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles V. Romani, Jr., State's Attorney, of Greenville (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Stanley W. Kious, appeals from the denial of his motion to withdraw his plea of guilty, which was filed pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). Defendant pleaded guilty to deceptive practices and was sentenced to 364 days imprisonment.

The only issue on appeal is whether the sentence should be vacated and the cause remanded for resentencing, because defendant was not advised of his right to counsel at the sentencing hearing. Defendant pleaded guilty to deceptive practices on March 26, 1979. On the State's motion, the cause was continued for sentencing until March 28, 1979. At the commencement of the proceedings, the following transpired:

"THE COURT: Next matter apparently is 79-CM-28, People of the State of Illinois versus Stanley W. Kious, would you come up please? Just have a seat here at the counsel table. Mr. Kious, you will recall that you appeared here on March 26, 1979 and entered a plea of guilty to the charge of Deceptive Practice which the Court accepted and entered a judgment of guilty. You also indicated at that time that you did not wish to have a Pre-sentence Hearing which was in the nature of offering evidence in mitigation where you could call witnesses, such as family members, fellow employees, friends, employer, priest or minister, etc., and be represented by an attorney. That's what you told me on March 26. At that time you were remanded to the custody of the Sheriff again because you were unable to post the $200 bail; and the matter was set over for Sentencing here this morning. The State's Attorney is here; and I presume ready. But, I want to make absolutely certain, Mr. Kious, your posture regarding the Pre-sentence Hearing. I see there are people that have come into this courtroom here this morning. I presume your mother, maybe other family members. Do you, are you still desirous to waive or give up your right to Pre-sentence Hearing?

DEFENDANT KIOUS: Yes, Your Honor.

THE COURT: The answer is yes, Stanley?

DEFENDANT KIOUS: Yes, sir.

THE COURT: All right, so noted. Now, we're going to go over and ask the State's attorney what his recommendation might be in this cause; and after we hear his recommendation, we'll come back and ask you too if you wish to make a statement in your own behalf. Mr. State's Attorney, if you would sir."

The State initially contends that defendant waived the issue for failing to allege the issue in his Rule 604(d) motion. However, defendant's Rule 604(d) motion stated, in part, "that, the Defendant, at the time of entering the plea, did not * * * understand with full comprehension the admonishment by the Court that he would be waiving certain rights." Although we believe that the issue could have been stated with greater specificity, the issue has been preserved for purposes of appeal.

■■■ An accused who is charged with an offense punishable by up to a year imprisonment, as is defendant, has a right to be represented by counsel at all critical stages of the proceedings unless he knowingly waives that right. (*People v. Jones* (1976), 36 Ill. App. 3d 190, 343 N.E.2d 644.) In the case at bar, defendant waived counsel prior to pleading guilty. At the sentencing hearing conducted two days later, the court reminded defendant that he had waived counsel prior to pleading guilty. Defendant made no objection nor did he request counsel. Based on the facts of this case, we hold that defendant's waiver of counsel, once made and not retracted, is operative throughout the proceedings. *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 332 N.E.2d 28; *People v. Saunders* (1976), 37 Ill. App. 3d 556, 346 N.E.2d 94; *People v. Bobo* (1975), 33 Ill. App. 3d 274, 337 N.E.2d 227.

For the foregoing reasons the judgment of the Circuit Court of Bond County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.