THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIRGIL T. SWIHART, Defendant-Appellant.

Fourth District   No. 16015

Opinion filed July 15, 1980.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Following a trial by jury in the circuit court of Champaign County defendant, Virgil T. Swihart, was convicted of resisting or obstructing a police officer. He was sentenced to 90 days' imprisonment and assessed costs of $250 for services provided by the public defender. He served 55 of the 90 days' imprisonment before this court granted defendant an appeal bond. On appeal he asserts (1) he was not properly admonished of his rights before proceeding pro se, (2) his sentence should be reduced to time served, and (3) the $250 he was ordered to pay for the public defender's services (a) was done pursuant to an unconstitutional statute, (b) or in the alternative was arbitrary and excessive in view of the fact that defendant appeared pro se at trial, and was accorded the public defender's services at only a brief sentencing hearing.

Supreme Court Rule 401(a) (73 Ill. 2d R. 401(a)) provides in pertinent part that:

> "The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, * * * in open court, informing [defendant] of and determining that he understands * * *:
>> (1) the nature of the charge;
>> (2) the minimum and maximum sentence prescribed; * * * and
>> (3) that he has a right to counsel and, if * * * indigent, * * * counsel [may be] appointed * * *."

Defendant's brief concedes that "[i]n this case, it cannot reasonably be argued that [defendant] did not know that he had a right to counsel or that he failed to understand the nature of the charge." Defendant's sole contention is that he was not adequately informed of the sentence he could receive. Although it is undisputed that defendant was properly advised of the potential sentence at the arraignment hearing, defendant contends that it was reversible error not to again admonish him at trial.

■■ The failure to repeat admonitions given at an earlier proceeding is an issue which has arisen with some frequency in Illinois. In *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 332 N.E.2d 28, defendant waived counsel at both the arraignment hearing and the date originally set for trial. One week later a jury trial began and defendant appeared pro se at both the trial and sentencing hearing, although the public defender was

appointed as amicus curiae at the sentencing hearing. On appeal defendant claimed error in the trial court's failure to repeat the right to counsel admonition. The appellate court held that once a knowing and intelligent waiver has been made and not retracted it operates throughout the proceedings. Accord, *People v. Saunders* (1976), 37 Ill. App. 3d 556, 346 N.E.2d 94 (holding defendant's knowing and intelligent waiver of counsel at both pretrial hearings and at trial to have remained operative at sentencing hearing obviating any requirement for further admonishments); *People v. Bobo* (1975), 33 Ill. App. 3d 274, 337 N.E.2d 227 (holding no need to give further admonishments after three had been given in pretrial proceedings, and defendant still elected to proceed pro se despite express trial court recommendation to the contrary); *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 376 N.E.2d 685 (holding any error in not informing defendant of potential minimum and maximum sentences was harmless in view of defendant's familarity with criminal law and in view of the fact that sentence actually imposed was identical to that offered in plea negotiations); *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207 (holding failure to admonish defendant of potential sentences to be harmless error when defendant stated he knew what was involved in the case and expressly invoked his constitutional right to proceed pro se).

The *McCaffrey* court recognized that there was conflicting precedent and expressly refused to follow *People v. Hinkle* (1971), 1 Ill. App. 3d 202, 272 N.E.2d 300, and *People v. Miles* (1974), 20 Ill. App. 3d 131, 312 N.E.2d 648. In *Hinkle* and *Miles* the courts recognized that sentencing was a critical stage of prosecution requiring the right to counsel unless waived. However, the *Hinkle* court relied upon several cases in other jurisdictions which invalidated practices which denied defendant an attorney at sentencing, even though defendant had elected such representation at trial. Where, as here, defendant is properly admonished at an earlier proceeding, and expressly waives his right to counsel, there is no reason to assume it has been revoked. We cannot agree with the implication of *Hinkle* and *Miles* that defendant must keep repeating an express and knowledgeable waiver at each stage of the prosecution.

Not only do *Hinkle* and *Miles* appear to be an illogical extention of prior case law, but they are against the weight of authority and have not been followed in subsequent cases. We also decline to follow those cases because they are logically inconsistent with our holding in *People v. Heath* (1976), 35 Ill. App. 3d 880, 342 N.E.2d 452. In *Heath*, the trial court never admonished defendant about the potential sentences he could receive. But since it was clear that a public defender who had represented defendant at an earlier stage had fully informed defendant of potential

penalties, any error was harmless. We see no reason why the result should be different if the court, rather than a public defender, fully informs defendant at an earlier proceeding.

■■ Defendant also contends that his 90-day sentence is excessive and should be reduced to the 55 days he had already served prior to being granted an appeal bond. We do not agree with defendant's contention that his behavior was at worst innocuous behavior. In view of the substantial resistance which police officers encountered, and the fact that the sentence is far below the 364-day maximum sentence, we are unable to say that the sentence was an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■■ The order directing defendant to pay $250 for the public defender's service was made pursuant to section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(g)). However, in *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56, the supreme court ruled that section 110—7(g) violated equal protection and due process guarantees of both the State and Federal constitutions. Accordingly, the order remitting the $250 to the county to defray the expenses of the public defender is reversed. In view of this ruling we need not determine whether the $250 assessment in this case was also arbitrary.

Accordingly, we affirm all aspects of the judgment appealed except that the portion thereof ordering $250 of defendant's bond deposit remitted to the county as reimbursement for attorney's services is reversed.

Affirmed in part; reversed in part.

TRAPP and WEBBER, JJ., concur.