THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES EDWARD BAKER, Defendant-Appellant.

Fourth District    No. 16624

Opinion filed July 14, 1981.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Melbourne A. Noel, Jr., and Thomas C. Crooks, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Post-conviction petition.

Trial court denied.

Baker appeals.

We are required to reverse.

On September 29, 1975, a complaint was filed charging the defendant with the offense of murder. At his initial appearance, Baker indicated that he wished to waive counsel. Due to the severity of the charge and the sentence which could be imposed, however, the trial court appointed an attorney to consult with him concerning his waiver of counsel.

Defendant was arraigned on October 17, 1975, and noted that he had consulted with the appointed attorney on three occasions and that he was satisfied with his consultations. He again reiterated his wish to waive counsel. The trial court accepted defendant's waiver of counsel and defendant entered a plea of guilty.

A sentencing hearing was held four days later on October 21, 1975. Defendant's presentence report was filed and neither the State nor the defendant presented any additional evidence. The court did not ascertain whether the defendant waived counsel at this hearing. The court then sentenced defendant to an indeterminate term of 30 years to life.

On October 19, 1979, defendant filed a *pro se* post-conviction petition. In this petition, he alleged that he was denied a fair trial because of pretrial publicity, that he was denied a fair trial because of an unintelligent waiver of his constitutional rights, and that there was no competency hearing conducted nor any effort made to determine his competency before the waiver of his rights.

On June 27, 1980, an amended petition was filed alleging that defendant's right to counsel at every critical stage of the proceedings was violated and that he was not informed of, nor did he waive, his right to be represented by an attorney at the sentencing hearing.

Relying upon this court's decision in *People v. Swihart* (1980), 86 Ill. App. 3d 151, 407 N.E.2d 1129, the trial court entered an order granting the State's motion to dismiss defendant's post-conviction petitions.

Defendant now appeals to this court, arguing that he is entitled to a new sentencing hearing because he was not informed at his sentencing hearing of his right to be represented by counsel and that his sentence of 30 years to life following his murder conviction must be vacated because

a sentence of life imprisonment was not an authorized sentence at the time.

The first issue presented by defendant is one upon which there is considerable conflict among the cases. In *People v. Taylor* (1975), 31 Ill. App. 3d 987, 335 N.E.2d 533, the defendant was convicted of resisting a police officer following his plea of guilty, and sentenced to six months' incarceration. This court initially held that defendant's plea of guilty was not knowingly and intelligently made under the supreme court rules because of confusion surrounding a negotiated sentence. Additionally, we noted that the record did not show that defendant was advised of his right to counsel or waived such right at the hearing on probation, or at the time sentence was imposed. We noted that sentencing is a critical stage in the conviction and that the record must show that counsel was made available or was validly waived at such time. "A valid waiver of counsel at an early stage of the proceeding does not continue in effect through a subsequent stage." 31 Ill. App. 3d 987, 990, 335 N.E.2d 533, 535.

Two years later, in *People v. Oatis* (1977), 47 Ill. App. 3d 229, 361 N.E.2d 1146, this court initially held that the defendant failed to supply sufficient evidence to refute a written jury waiver signed by him which was contained in the common law record. Thus, we affirmed the conviction. The case was reversed and remanded for a new sentencing hearing, however, after we determined that the defendant was not afforded a sentencing hearing and that he was not given an opportunity to present evidence or argument in mitigation. Relying upon *Taylor*, we further stated that error occurred at the sentencing in that the court proceeded although the defendant appeared without counsel and without having waived counsel.

Our decisions in *Taylor* and *Oatis* were recently cited with approval in the case of *People v. Morgan* (1981), 93 Ill. App. 3d 12, 416 N.E.2d 740. Furthermore, our decision in these three cases is consistent with the positions taken by at least two other districts of this appellate court. *People v. Hinkle* (1971), 1 Ill. App. 3d 202, 272 N.E.2d 300, *overruled,* *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 1091, 332 N.E.2d 28; *People v. Miles* (1974), 20 Ill. App. 3d 131, 312 N.E.2d 648.

In contrast to these decisions, there are opinions from three districts of this appellate court holding that a proper waiver of counsel made at a prior proceeding also applies throughout all later stages of the prosecution. *People v. Kious* (1979), 77 Ill. App. 3d 1005, 397 N.E.2d 215; *People v. Barringer* (1976), 35 Ill. App. 3d 295, 341 N.E.2d 386; *People v. Saunders* (1976), 37 Ill. App. 3d 556, 346 N.E.2d 94; *People v. McCaffrey* (1975), 29 Ill. App. 3d 1088, 332 N.E.2d 28; *People v. Bobo* (1975), 33 Ill. App. 3d 274, 337 N.E.2d 227.

After recognizing this apparent conflict in the decisions in this area,

the trial court granted the State's motion to dismiss the post-conviction petition, specifically relying upon our decision in *People v. Swihart* (1980), 86 Ill. App. 3d 151, 407 N.E.2d 1129. In *Swihart*, the defendant was convicted following a jury trial of the offense of resisting a police officer. On appeal, he alleged, *inter alia*, that he was not properly admonished of his rights before being allowed to proceed *pro se*. In particular, he argued that he was not admonished *at trial* of the possible sentence, even though the potential sentence was explained at his arraignment hearing. Also, in his brief, defendant conceded that it could not be argued that he did not know he had a right to counsel or that he failed to understand the charge. In rejecting defendant's contention, and after reviewing the caselaw in this area, we stated that where a defendant is properly admonished at an earlier proceeding and expressly waives his right to counsel, there is no reason to assume it has been revoked.

The State argues in this court that the *Swihart* opinion implicitly rejected the holding of *Taylor* and *Oatis*. Our subsequent citation to and use of *Taylor* and *Oatis* in *Morgan* indicates the invalidity of this argument. However, the *Swihart* dictum was improvident, and to the extent that it is inconsistent with *Taylor, Oatis*, and *Morgan*, it should be disregarded.

Furthermore, as the defendant correctly points out, *Swihart* is distinguishable from the instant case. As defendant notes, *Swihart* did not concern the validity of the defendant's waiver of counsel at the sentencing hearing. The defendant there admitted that he was aware of his right to counsel at the sentencing and proceeded *pro se* at trial and had not, as defendant here, pleaded guilty. Swihart contended that he had not been adequately informed at this sentencing hearing of the sentence he could receive. As the defendant notes, this is a statutory, rather than a constitutional question. Although this court in *Swihart* addressed the question of whether a waiver at one stage of the proceeding applies to a later stage, we did not specifically mention our decisions in *Taylor* and *Oatis*.

■■ Based upon our decisions in *Taylor, Oatis*, and *Morgan*, we reverse the trial court's dismissal of defendant's post-conviction petition alleging that he was deprived of his right to counsel at the sentencing hearing. To the extent that the trial court determined that *Taylor* and *Oatis* were overruled by our decision in *Swihart*, the trial court was in error.

Defendant also argues that his sentence of imprisonment of 30 years to life must be vacated because life was not a possible sentence at the time the sentence was imposed. Section 5—8—1 of the Unified Code of Corrections provided:

"(a) A sentence of imprisonment for a felony shall be an indeterminate sentence set by the court under this Section.

(b) The maximum term shall be set according to the following limitations:

(1) for murder, the maximum term shall be any term in excess of fourteen years." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1.

While apparently conceding that this section does not prevent a life term from being imposed, defendant points to another section of the sentencing act as support for his position. Section 5—8—7 of the Code provided:

"(b) The offender shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7.

Defendant now argues that the statute governing calculation of the prison term makes it clear that a life sentence was not permitted because it would not be possible to give a defendant credit against his maximum term if that term is not for a definite period of years.

■■ Initially, the State correctly responds that the question is waived because the issue was not raised in the amended petition which was prepared with the assistance of counsel, although the *pro se* petition contained variously worded claims pertaining to the excessive length of sentence. Because neither petition claimed that defendant's life sentence was not an available disposition, the defendant has waived his claim on appeal. *People v. Seidler* (1974), 18 Ill. App. 3d 705, 310 N.E.2d 421.

In addition—also as the State notes—neither claims of excessive sentence nor claims that a particular sentence is inconsistent with provisions of the sentencing act raise issues of constitutional magnitude. *Seidler.*

Finally, a maximum sentence of life imprisonment was available under the indeterminate sentencing scheme in effect in 1975. In particular, a sentence of life imprisonment was specifically mentioned and authorized for those cases in which the appellate court reversed the death penalty, finding that it was the result of discrimination. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1A.) Also, the section governing parole eligibility specifically mentions the fact that a person is eligible for parole after serving 20 years of a life sentence less credit for good behavior. Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3(a)(2).

The trial court's dismissal of defendant's petition for post-conviction relief is hereby reversed and this cause is remanded to the trial court for further proceedings consistent with these views.

Reversed and remanded.

GREEN and WEBBER, JJ., concur.