(No. 44551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOB DAVID GONZALEZ, Appellant.

*Opinion filed January 23, 1974.—Rehearing denied March 28, 1974.*

Matthew F. Kennedy, Jr., of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal from dismissal of a post-conviction petition by the circuit court of Cook County came directly to this court immediately prior to the effective date of the new constitution (43 Ill.2d R. 651) and was retained by us for disposition.

Job David Gonzalez was indicted in 1961 on separate charges of murder, armed robbery and assault with intent to murder, each indictment involving different episodes and individuals. On May 28, 1962, while represented by counsel, he entered pleas of guilty to the three indictments and was sentenced, following a hearing in aggravation and mitigation, to concurrent terms of 25 to 75 years imprisonment for the murder, 25 to 75 years imprisonment for the armed robbery, and 1 to 20 years imprisonment for the assault with intent to murder.

In November, 1970, Gonzalez filed a *pro se* post-conviction petition alleging the proceedings relating to his plea of guilty to the murder charge constituted a denial of due process and equal protection under both State and Federal constitutions. More specifically, he alleged that at the time of commission of the offense (April 5, 1961) the controlling statute (Ill. Rev. Stat. 1959, ch. 38, par. 360) provided for a determinate sentence to be imposed by the jury or court, but that at the time he was sentenced section 1—7(b) and (e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, par. 1—7(b) and (e)) provided that the court should fix the punishment and required that all sentences of imprisonment be indeterminate with the court determining appropriate minimums and maximums. Citing section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1959, ch. 131, par. 4) and *People v. James*, 46 Ill.2d 71, defendant alleges in his petition that he "had the right to elect to be sentenced under the old or the new statute to either a definite or to an indeterminate sentence"; and that, had he

so elected, his punishment would have been fixed at a definite term by the jury in its verdict if he was found guilty. He further alleges his ignorance of his right to make such election, that he was not advised of that right by either his attorney or the court and that, had he been so advised, he "would have submitted his case to a jury under the old statute, or in the alternative he would have elected to have been sentenced by the Court [presumably under the old statute] on a plea of guilty."

Defendant's principal reliance here is placed on our opinion in *James* and in *People v. Hollins,* 51 Ill.2d 68. While *James* states the defendant there would have been entitled to elect to be sentenced under either the statute in effect at the time of commission of the offense or at the time of trial, the court held failure to raise that issue in the direct appeal barred its consideration in a post-conviction proceeding. *James* is not authority for defendant's premise that failure of the trial court to inform him of his right to such election constitutes error of constitutional dimension. *Hollins,* however, did hold, *upon the record in that case,* that failure to inform defendant of his right to elect under which statute he should be sentenced coupled with the absence of an express waiver of that right constituted a denial of due process. *Hollins,* though, must be read in the light of its factual setting: a 16-year-old boy pleaded guilty to burglary in February, 1954. Under Sentence and Parole Act provisions which first became effective January 1, 1954, subsequent to the commission of the offense, he was committed to the Illinois Youth Commission for a period not exceeding the maximum term (life imprisonment) provided by law for the offense, and was still imprisoned under that commitment when the case came before us in 1972. There is also a substantial difference between the benefits available to Hollins under his right to elect, and the benefits available to defendant here. The statute under which Hollins was committed provides that the maximum duration of that commitment was life imprisonment,

whereas had he chosen to be sentenced under the statute in effect at the time the offense was committed, the court would have set the minimum and maximum limits of imprisonment. Obviously, it is highly unlikely that any court would have sentenced a 16-year-old boy to life imprisonment for an ordinary burglary had a less severe disposition been permissible.

The case before us is significantly different. A major variance lies in the potential benefits of an election to be sentenced under the statutory provisions in effect when the murder occurred. Defendant, of course, could have stood trial as he now says he would have done; in that event, under the old statute, his punishment would have been fixed by the jury if he were found guilty. In that connection we note parenthetically that defendant makes no claim of innocence, nor can he well do so in view of his earlier stipulation as to the testimony relating to his guilt. In fixing the punishment to be imposed, the jury could have concluded that a sentence of death was appropriate or might have chosen life imprisonment or a definite term of years not less than 14. The same choices would have been available to the court under the old statute had a bench trial or plea resulted. But it is pure speculation to assert, as does defendant, that a jury would have fixed a lesser number of years as the punishment. A death sentence might have resulted—or a term of years greater than the minimum or maximum fixed by the court under the new statute.

We note, too, the indications in this record that the guilty pleas and sentences may well have been the result of plea bargaining. The cases had, on the morning of May 28, 1962, been continued to July 2 for trial. Later that day they were advanced on defendant's motion to May 28 and the pleas of guilty entered. The sentences imposed were those recommended by the State. While these proceedings preceded adoption of our Rule 402(b) requiring plea bargains to be made a part of the record, it seems not

unreasonable to believe that the dispositions made represented an agreed resolution of three brutal, serious offenses and eliminated the possibility of imposition of a death sentence. Also of some interest is the fact that more than 8 years elapsed between the time of defendant's sentencing and the filing of his post-conviction petition.

We conclude that absence of an explanation to defendant of his right to elect to be sentenced under the statute in effect at the time the offense was committed does not, in the circumstances of this case, constitute a denial of due process or equal protection. (*People v. Nelson*, 42 Ill.2d 172.) Whether defendant would have benefited or been prejudiced by that procedure is completely speculative. Too, by delaying the filing of a post-conviction petition for more than 8 years defendant has seriously prejudiced, if not eliminated, the possibility of a trial of the case. *Nelson*, at 176.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*