THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN PATRICK GILLEN, Defendant-Appellant.

(No. 73-195;

Fifth District—June 4, 1974.

Robert E. Farrell and Martin Carlson, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On a plea of guilty in the Circuit Court of Williamson County defendant was convicted of forgery and was sentenced to the penitentiary for a term of not less than 2 nor more than 10 years. In this appeal he contends that his guilty plea should be set aside because the record casts a substantial doubt on the voluntariness of his plea contrary to the requirements of Supreme Court Rule 402(b); and, in the alternative, that the trial court erred in failing to advise him of his right to counsel at the time of sentencing, and that such error requires a vacation of the sentence and remandment for re-sentencing.

From the record it appears that defendant was 40 years of age and had pursued his education through 1½ years of college. At his arraignment, the day after the alleged offense, the court read the information to him and informed him of, and explained his constitutional rights, including but not limited to his right to counsel, a preliminary hearing, consideration by the grand jury, a jury trial and the possible sentence involved. Defendant then informed the court that he wanted to waive counsel and all other rights and plead guilty. With great care the court again discussed defendant's various rights and questioned defendant as to his understanding of each of them. Expressing his desire to waive counsel and a preliminary hearing, defendant stated that it would be "a waste of time; it is a waste of the State's time and my time." Later, again expressing his understanding of what he was doing in waiving his rights, he stated, "I am guilty and I would like to get started." Finally, the following colloquy occurred:

"Court: Well, do you understand then, if you waive your right

to trial by jury and plead guilty you will never be able to contest the fact that you were convicted of forgery?

Defendant: Yes, sir.

Court: You waived counsel, that's right, Mr. Gillen?

Defendant: Yes. There is only one reason I would have and that is because I have a very severe heart condition, and in fact I am, I almost died last August. I am out of one kind of medicine and I would like to see my doctor.

Court: Are you sick now, do you think?

Defendant: I know I am. I am dizzy.

Court: Are you dizzy now?

Defendant: Yes, complications.

Court: Well, you say that you are feeling dizzy now and you are sick?

Defendant: Yes, sir.

Court: Mr. Gillen, before you waive all of these rights  *  *  *

Defendant: It is not that type of sick. It is just my heart jumping all around.

State's Atty: May I inquire, is this a physical or a mental illness?

Defendant: It is physical. It is heart. I just would request as soon as possible some medical attention. They tell me upstairs that they do not have any.

Court: They can get you a doctor.

Defendant: I need one immediately.

Court: Well, do you want me to continue this proceedings then?

Defendant: No, sir. I would like to finish this.

Court: You want to finish this proceeding?

Defendant: Yes.

Court: Do you want to sit down? Are you feeling that bad?

Defendant: No.

Court: All right then, I think we were down to your right to trial by jury and whether you are going to plead guilty or not. Let me ask you, do you feel well enough to go on with this proceeding?

Defendant: Yes, sir. I would like to waive all rights and just throw myself on the mercy of the court."

In answer to further questions defendant stated that he was making his plea of his own free will and accord, and that it was not induced by any threats or promises. He then described the manner in which he committed the crime—by signing another person's name to a check without authority and with intent to defraud that person or the bank.

The court then accepted the plea and the case was continued to permit preparation of pre-sentence report. In conclusion, the court informed defendant that he would direct the sheriff's office to arrange for him to see a doctor and to obtain such medicine as he might need.

At the sentencing hearing, held approximately 1 week later, the defendant attributed his crime and preceding difficulties to chronic alcoholism. The only mention made of his illness was that for the past 6 months he had been having trouble with his heart, that he thought he was in need of medical treatment more than incarceration, and that he would like to be considered for such treatment.

■■ Defendant argues that this record does not affirmatively establish that his waiver of counsel and guilty plea were entered voluntarily as required by Supreme Court Rule 402(b), and that, to the contrary, the statements he made to the court regarding his illness and need for medical treatment necessarily cast substantial doubt on their voluntary nature. In his brief defendant suggests that the only conclusion to be drawn from the record is that his heart condition and need for treatment may have compelled him to plead guilty and to waive his constitutional rights. We cannot agree. Defendant is a mature individual with a far better education than average. It is perfectly clear from the record that defendant knew every detail of the crime with which he was charged, and that he freely and voluntarily admitted his guilt with a full understanding of his rights and the consequences of his waiving them. When the question of defendant's illness came up, the court was most solicitous, but defendant interrupted him stating, in effect, that it was not the kind of sickness that would affect his decision to waive his rights, that he was not feeling so badly that he needed to sit down, and that he did not wish to have the proceeding continued, but wanted to finish it. In defendant's subsequent sentencing proceeding there was no indication whatsoever that he considered his plea to have been other than freely and understandingly entered. Also, it is interesting to note that even in the briefs on appeal it is not claimed that either his plea or his waiver of counsel was forced or induced by his heart condition. Rather, it is only suggested that the possibility may have existed. In the light of the record so strong to the contrary, we cannot accept such unfounded speculations. Accordingly, we conclude that the trial court's acceptance of defendant's waiver of counsel and plea of guilty was proper.

Defendant's next contention is that the trial court erred in failing to advise him of his right to counsel at his sentencing hearing, and that such failure requires a vacation of the sentence imposed and remandment for resentencing. It is undisputed that defendant did appear without counsel at such hearing and that he was neither informed of his right

to counsel nor was appointed counsel offered to him. The State argues that once having effectively waived counsel at an earlier stage in the proceeding such waiver remains effective through all subsequent stages, and, therefore, there was no need to advise defendant again of his right to counsel at the time of sentencing.

■■ We have considered this identical point in the recent case of *People v. Miles,* 20 Ill.App.3d 131. It was our conclusion that imposition of sentence in a criminal case is a critical stage of a trial and within the rule that the right of an accused to counsel extends to all critical stages of a proceeding (*Mempa v. Rhay,* 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254; *People v. Vesley,* 86 Ill.App.2d 283); and that a sentence imposed upon a defendant following his guilty plea, with neither offer or rejection of counsel during the sentencing process, will be required to be set aside as imposed without effective waiver of counsel, even though the defendant, who had no counsel at any time, expressly waived his right thereto at an earlier stage of the proceeding. *People v. Hinkle,* 1 Ill.App.3d 202; *People v. Hessenauer,* 45 Ill.2d 63.

■■ We abide by our holding in *Miles* and the reasoning therein contained. Accordingly, the order of the trial court imposing sentence herein is reversed and the cause is remanded with directions to vacate said sentence and to schedule a new sentencing hearing during which defendant shall be informed of his right to counsel.

By reason of the affirmance of defendant's conviction and remandment for re-sentencing we do not choose to consider defendant's other contention relating to the imposition of the previous sentence.

The judgment of the Circuit Court of Williamson County convicting defendant of forgery is affirmed; the order imposing sentence is reversed and the cause is remanded for a new sentencing hearing.

Affirmed in part, reversed in part, and remanded with directions.

G. MORAN, P. J., and CARTER, J., concur.