THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY TAYLOR, Defendant-Appellant.

(No. 13341; )

Fourth District—September 17, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals a conviction of resisting a peace officer,[1] entered upon his plea of guilty and a sentence of 6 months' incarceration.

The record shows that counsel was appointed on May 13, 1975, and that on May 21, defendant appeared with counsel and moved to withdraw his plea of not guilty. The common law record includes:

"Public Defender Joseph Darflinger present in court. Defendant moves to withdraw his plea of not guilty to Count one of information. Negotiations are that defendant will petition for probation;

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 31—1.

if denied People will recommend sixty days. Public Defender moves to withdraw for lack of co-operation. Motion allowed. Leave granted to Public Defender to withdraw. Defendant states he is willing to proceed without an attorney and renews his motion to withdraw plea of not guilty to Count one of information. Motion allowed. Plea of not guilty withdrawn. Defendant pleads guilty to the charge of resisting or obstructing a peace officer as charged in Count one of information and after being advised by the court of his rights and admonished as to the consequences of such plea persists therein. There is a factual basis for plea. Plea accepted by the court. Judgment on plea of guilty and for costs. Written jury waiver on file. Defendant petitions for probation."

Thereafter on June 4, probation was denied and the sentence of 6 months imposed.

■■ Defendant urges that under the provisions of Supreme Court Rule 402(d)(2), the court should have offered an opportunity to withdraw his plea when the court denied probation and did not impose the recommended sentence. By its language, the Rule contemplates the participation of the court with counsel in discussion and consideration of a proposed tentative plea with the expectation that the court would impose a specified sentence upon accepting the plea. The record does not show that the parties requested the court to consider the terms of the plea negotiation and the reasons therefore, or to seek a conditional concurrence. It is not contended that there was a conditional concurrence or otherwise in the plea. The continuance of a cause for the filing of a probation report does not indicate a conditional concurrence. *People v. Jones*, 18 Ill.App.3d 1023, 310 N.E.2d 490.

We distinguish, however, a critical issue within the context of Supreme Court Rule 402(d)(3), which provides:

"If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement."

Absent a stated admonition that the court was not bound by the plea negotiations between the State's Attorney and counsel, it is apparent that defendant might reasonably conclude that the maximum sentence would be not greater than 60 days. Upon such conclusion we cannot hold that the plea of guilty was knowingly and intelligently made within

the context of the Rule. *People v. Baldridge,* 19 Ill.2d 616, 169 N.E.2d 353; *People v. Wright,* 21 Ill.App.3d 301, 314 N.E.2d 733.

■■■ Defendant correctly points out that the record does not show that defendant was advised of his right to counsel or waived such at the hearing on probation, or at the time sentence was imposed. It is recognized that sentencing is a critical stage in the conviction, and that the record must show that counsel was made available or was validly waived at such time. (*People v. Hinkle,* 1 Ill.App.3d 202, 272 N.E.2d 300; *People v. Gillen,* 20 Ill.App.3d 134, 312 N.E.2d 644.) A valid waiver of counsel at an early stage of the proceeding does not continue in effect through a subsequent stage. *People v. Hessenauer,* 45 Ill.2d 63, 256 N.E.2d 791; *People v. Miles,* 20 Ill.App.3d 131, 312 N.E.2d 648.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

CRAVEN and GREEN, JJ., concur.