THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BARRINGER, Defendant-Appellant.

Fifth District No. 75-110

Opinion filed January 20, 1976.

Stephen P. Hurley and Thomas F. Sullivan, Jr., both of State Appellate Defender's Office, of Mt. Vernon, and Larry Mackey, Law Student, for appellant.

Mary Jane Reynolds Schaumleffel, State's Attorney, of Vienna (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

On January 5, 1975, in the circuit court of Johnson County, the defendant, James Barringer, was convicted of two charges of theft over $150 on his pleas of guilty and was sentenced to concurrent terms of one to two years to the Department of Corrections. This appeal is from the final judgment entered.

The defendant appeared in court on January 2, 1975, without counsel. The court informed the defendant that the two informations were being consolidated. The court informed the defendant of the nature of the charges against him. The defendant was informed, as follows:

> "The minimum and maximum sentence as prescribed by law in each case, this is a Class III felony, provides one to ten years in the penitentiary plus a possible fine up to $10,000 in both cases there is a possibility of periodic imprisonment or probation and since this is an agreed plea today, there will be no periodic imprisonment and no probation although the Statute does provide for that."

Thereafter, the defendant waived his right to counsel and to a grand jury indictment and a preliminary hearing.

The State's Attorney established a factual basis for the guilty plea and set forth the basis of the plea bargain that had been reached. The defendant stated "Yes, Sir" in response to the question, "Is that your understanding that you would be given one to two (1-2) and both sentences to run concurrently, is that your understanding, James?"

The court below further admonished the defendant that a guilty plea would mean a waiver of his right to a jury trial, his right to confront complaining witnesses and his privilege against self-incrimination. The defendant affirmatively responded to the court's question. "You know if you

plead guilty and waive your rights, there will not be any trial of any kind in this matter?"

The defendant stated that the plea was not the result of promises or threats. Thereafter, the defendant entered and the court accepted the plea of guilty to the offenses charged in the informations.

The State's Attorney then waived the presentation of any evidence in aggravation. The following colloquy then occurred:

"THE COURT: Mr. Barringer, do you wish to present evidence in either cause in favor of mitigation or excusing your act, make it look smaller?

A. No, Sir.

THE COURT: The court finds the plea in each cause is voluntarily [*sic*]. I have found the defendant guilty and are you now ready for me to sentence him, Mrs. Webb?

STATE'S ATTORNEY: Yes.

THE COURT: Do you have anything else you want to say before I sentence you?

A. No, Sir."

The appellant urges that the court below erred in the following particulars:

1. That the court failed to substantially comply with Supreme Court Rule 402(a)(2) when it failed to inform the defendant that a parole term was a mandatory part of his sentence.

2. That the defendant's guilty pleas were not made knowingly or voluntarily when the court did not inform the defendant that his sentence would include a mandatory parole term.

3. That the court failed to advise the defendant of his right to the assistance of counsel at the time of sentencing.

4. That the court erred in failing to exercise its discretion because the guilty pleas were entered pursuant to a plea agreement.

■■ The first two contentions of error urged by the defendant are determined by the recent Supreme Court case of *People v. Wills*, 61 Ill.2d 105, 111, 330 N.E.2d 505, 509: "We hold that the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas *taken subsequent* to May 19, 1975." (Emphasis ours.)

■■ With regard to the defendant's third assertion, we find that the defendant did knowingly and voluntarily waive his right to counsel. The cases urged by the defendant in support of his assertions are not persuasive and are distinguishable from the present cause. In the instant case, the defendant waived his right to counsel only minutes before the sentencing. None of the principal cases cited by the defendant, *People v.*

*Gillen,* 20 Ill.App.3d 134, 312 N.E.2d 644; *People v. Miles,* 20 Ill.App.3d 131, 312 N.E.2d 648; *People v. Hinkle,* 1 Ill.App.3d 202, 272 N.E.2d 300, concern a negotiated plea situation. Furthermore, in each of the cited cases the sentencing hearing was conducted in an entirely separate proceeding occurring on a date subsequent to the entry of defendant's judgment of conviction. We are not compelled to find that another waiver was required when only minutes before the defendant had effectively waived his right to counsel.

In considering the fourth assertion of the defendant, we similarly find this contention to be without merit. The defendant would have us interpret the court's statement, "The minimum and maximum sentence as prescribed by law in each case, this is a Class III felony, provides one to ten years in the penitentiary plus a possible fine up to $10,000. In both cases, there is a possibility of periodic imprisonment and probation, and since this is an agreed plea today, there will be no periodic imprisonment and no probation, although the statute does provide for that," as a refusal to consider any sentence other than that agreed upon.

■■ We find the trial court's action without error in light of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402). This rule allows the court the discretion to concur in the proposed agreement. Furthermore, since defendant knowingly agreed to the sentence imposed, and in fact negotiated such sentence, we have little inclination to question the court's discretion in imposing the sentence to which defendant agreed.

The judgment is affirmed.

KARNS, P. J., and G. J. MORAN, J., concur.