THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CALVIN E. CAMPBELL, Defendant-Appellant.

Fifth District No. 75-57

Opinion filed April 14, 1976.

Stephen P. Hurley and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant plead guilty to the offense of unlawful possession of less than 200 grams of a substance containing amphetamines in the circuit court of Randolph County and was sentenced to 2 to 6 years' imprisonment. On appeal the defendant raises several issues. However, in the view we take of the case, it is necessary to consider only two.

First, the defendant contends that his plea of guilty was not voluntarily given as required by Supreme Court Rule 402(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(b)). He bases this contention upon the fact that he remained incarcerated for 27 days without an opportunity to consult with an attorney.

Defendant was stopped on November 7, 1974, by an officer of the Sparta Police for a noisy muffler and because the car was, according to the

officer, "acting in a suspicious manner." The officer indicated that the defendant consented to a search of the car. In the course of the search a vitamin bottle was found which contained a substance later identified through a field test as amphetamines. The defendant claimed that he was going 35 miles an hour and simply made a right turn after the police car pulled up beside him. He further indicated that his consent was more in the nature of an acknowledgment, "O.K. Go ahead," to the officer's statement, "We are going to search this car."

A hearing was held 5 days later, on November 12, 1974, at which the defendant was informed that the court would appoint counsel for him if he were indigent. The defendant testified that he was not able to employ a lawyer, that he was 29, unmarried and living with his sister. He was employed by a construction company, making $4.50 per hour and thought he still had a job since the 5 days he had been in jail coincided with a week-long layoff. He had a car but it was impounded and his only other assets were $128 in cash. The defendant filled out an affidavit concerning his assets showing the same information except that his wages were expressed as $800 a month.

Seven days later, on November 19, 1974, the defendant wrote a letter to the court asking for an early disposition of his case and indicated that he would waive the appointment of counsel and trial if a deal could be worked out. He also indicated that he had attempted to see the State's Attorney about the matter but had not been able to contact him.

On December 9, 1974, a second hearing was held during which the defendant informed the court that he wanted to plead guilty. The court, in compliance with Supreme Court Rule 402(b), asked the defendant if he was pleading guilty because of any coercion or undue influence. The defendant replied, "Sitting over in the county jail 36 days." The defendant claims that this remark along with others, which rather obviously evidence a bitter and hostile attitude, indicate that he plead guilty because he was convinced that the delay in appointment of an attorney meant that he was going to be kept imprisoned indefinitely without the assistance of a lawyer. This belief, defendant contends, amounted to coercion within the meaning of Supreme Court Rule 402(b).

■■ The defendant may have, in fact, believed this to be true. However, such a belief cannot be justified in the face of an extremely thorough admonishment by the court as to his rights during which he was advised many times as to his right both to hire a lawyer of his own choosing or to have one appointed by the court. The court gave the defendant many chances to change his mind and his plea.

■■ ■ The sentencing hearing, held 2 weeks later, stands in sharp contrast to the hearing at which the guilty plea was accepted. The defendant contends, and we agree, that he was not adequately advised of

his right to have counsel at the sentencing hearing and did not therefore effectively waive that right. The rule enunciated by the Illinois Supreme Court in *People v. Hessenauer*, 45 Ill. 2d 63, 256 N.E.2d 791, is that a finding of a waiver of the right to counsel will not be made unless the record affirmatively discloses that at each critical stage of the proceedings the court specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. This rule was specifically applied to the sentencing hearing in *People v. Hinkle*, 1 Ill. App. 3d 202, 272 N.E.2d 300. Further, *People v. Miles*, 20 Ill. App. 3d 131, 312 N.E.2d 648, and *People v. Gillen*, 20 Ill. App. 3d 134, 312 N.E.2d 644, indicate that even if a defendant has previously effectively waived counsel this waiver will not be carried forward to apply at a sentencing hearing in the absence of an express declaration of his right to counsel and an explicit waiver thereof. In *Miles* and *Gillen* the cause was remanded for a new sentencing hearing.

■■ In the instant case the defendant was not directly advised that he had a right to have counsel at the sentencing hearing, nor was he asked if he wished to waive counsel as required by *Miles* and *Gillen*. Instead, there was an exchange between the court and the State's Attorney. The State's Attorney inquired if the defendant had waived counsel at the sentencing hearing and the court replied that he had. This exchange was not sufficient to comply with *Hessenauer, Miles* and *Gillen*. The hiatus of 2 weeks between the guilty plea proceeding and the sentencing hearing factually distinguishes this case from our recent case of *People v. Barringer*, 35 Ill. App. 3d 295, 341 N.E.2d 386, where we held that further admonishment of rights to the representation and appointment of counsel preceding the sentencing need not be given when the sentencing hearing follows without interruption the guilty plea proceeding.

On the one hand we reaffirm *Barringer* as stating the appropriate rule under its facts; on the other we decline to follow the State-cited case of *People v. McCaffrey*, 29 Ill. App. 3d 1088, 332 N.E.2d 28. The *McCaffrey* court interpreted *People v. Hessenauer* to authorize the statement that once the right to counsel has been explained and waived, the defendant has a duty to take some affirmative action to reinstate that right. We do not believe the *McCaffrey* statement will comport with the holding of *Hessenauer* that the record must show that " * * * at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of counsel."

This cause is accordingly remanded for resentencing and defendant is to be offered the assistance of counsel at the sentencing hearing.

Affirmed and remanded with directions.

KARNS, P. J., and EBERSPACHER, J., concur.