THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PATTY MORGAN, Defendant-Appellant.

Fourth District    No. 16437

Opinion filed February 3, 1981.

CRAVEN, J., concurring in part and dissenting in part.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After trial by jury in the circuit court of Livingston County, defendant, Patty Morgan, was convicted on May 15, 1980, of the offense of attempted delivery of a controlled substance occurring on or about July 23, 1979. On October 7, 1980, she was sentenced to an extended term of 6 years' imprisonment. She appeals both judgments asserting that (1) she was denied effective assistance of counsel, (2) her sentence violated her right to due process because of failure of the court to advise her of her right to elect to be sentenced either under the law in effect at the time of the offense or that in effect at time of sentencing, and (3) the trial judge's prejudice against her lifestyle requires that a different judge preside at any resentencing hearing.

The State concedes that defendant had a right of election at sentencing which was not explained to her. It disputes that the denial of the right amounted to a deprivation of due process but concedes the existence of a statutory right to the election. (Ill. Rev. Stat. 1979, ch. 1, par. 1103.) As the issue is raised on direct appeal we need not determine the derivation of the right. (See *People v. Gonzales* (1974), 56 Ill. 2d 453, 308 N.E.2d 587; *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710.) At all times pertinent, the unlawful delivery of the controlled substance charged was a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 56½, par. 1401(c).) At the time of the commission of the offense, in July 1980, the sentence for attempt to commit a Class 3 felony could not exceed the sentence for a Class 4 felony which was 1 to 3 years, or 3 to 6 years for an extended term (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4(c)(5), 1005—8—1(7), 1005—8—2(6)). At the time

of the sentencing hearing, the sentence for attempt to commit a Class 3 felony was to be that for a Class A misdemeanor, namely, any term of imprisonment for less than 1 year. Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(c)(5), 1005—8—3(a)(1).

Defendant asserts that her appointed counsel was incompetent in not only failing to demand her right of election as to sentence but also in (1) failing to make an opening statement, (2) failing to call any witnesses, (3) failing to impeach a key prosecution witness with evidence obtained in discovery, and (4) waiving transcription of closing argument.

We have defined incompetence of counsel which violates a defendant's right to the effective assistance of counsel by the traditional test of that which is "no representation at all" or that which reduces "the proceedings to a farce or mockery" and have indicated that the incompetence must have "resulted in substantial prejudice to [defendant] such that the cumulative effect could have produced a different result." (*People v. Puckett* (1979), 70 Ill. App. 3d 743, 747, 388 N.E.2d 1293, 1296, 1297.) Most recently the supreme court has defined that "actual incompetence" which results in "substantial prejudice." *People v. Hills* (1980), 78 Ill. 2d 500, 505, 401 N.E.2d 523, 525.

■■ As defendant was given an extended term sentence of 6 years when her counsel could have demanded a right to be sentenced as a Class A misdemeanor subject to a sentence that could not have exceeded 364 days, we conclude that she was deprived of her right to competent counsel at sentencing. The error substantially prejudiced the defendant. A different result would certainly have been obtained if the error had not been made. The disparity between the sentence imposed and that which might have been imposed reduced the sentencing proceeding to a farce.

■■ However, as the case must be remanded for resentencing if we affirm the conviction, any prejudice in sentencing can be remedied. We are not advised of any authority touching upon the question of whether deprivation of the right to counsel by incompetence at sentencing taints a defendant's conviction. We conclude that at least under the circumstances here, it should not. The focus of the cases on the question of incompetency of counsel is upon correcting the prejudice suffered by the defendant. Here, the prejudice is corrected by remanding for resentencing. The sentencing hearing is sufficiently divorced from the proceedings to determine guilt that waiver of counsel for prior proceedings does not constitute a waiver for sentencing. (*People v. Oatis* (1979), 69 Ill. App. 3d 736, 387 N.E.2d 1052; *People v. Taylor* (1975), 31 Ill. App. 3d 987, 335 N.E.2d 533.) One would suppose that if counsel properly represented an accused at trial but failed to show up for the sentencing hearing, a reviewing court on direct appeal would reverse the sentence but affirm

the conviction unless other error required that the conviction also be reversed. Although the sentencing error was very prejudicial to defendant, the sentencing issue was rather complicated. We cannot assume that counsel erred at trial because he did at sentencing.

■■ We cannot determine from the record here that defendant's other claims of incompetence of counsel are valid. The decision as to whether to make an opening statement or to put on defense evidence is usually a question of trial strategy. (*People v. Martin* (1970), 44 Ill. 2d 489, 256 N.E.2d 337; *People v. Seaman* (1977), 53 Ill. App. 3d 755, 368 N.E.2d 1124.) We are aware of a practice in some courts whereby attorneys waive having closing arguments recorded so that a transcript can be made if desired. Appointed counsel should not do so in criminal cases. It is often difficult or impossible to reconstruct the argument to present a question on review as to whether error occurred. This is particularly true when the propriety of argument depends upon the content of opposing argument. Here, dispute arose as to the propriety of the prosecutor's reference to the State's testimony being unrebutted. Fortunately, no serious problems arose because of the lack of a record of the argument. However, defense counsel has no certain way of determining whether plain error occurred in those arguments. We do not agree that this is the type of case where the lack of a transcript of closing argument requires reversal. (See *People v. Apalatequi* (1978), 82 Cal. App. 3d 970, 147 Cal. Rptr. 473.) Likewise we do not hold counsel's failure to require the recording of the closing argument to have been incompetence of counsel.

The major issue concerning counsel's conduct of the trial involves his alleged failure to make use of certain information revealed by discovery.

The heart of the State's case was the testimony of Debra Webber, secretary to Dennis Klosterhoff, internal investigator of the Pontiac State Prison. She testified that during his vacation it was her duty to open incoming mail for inmates in order to check it for security purposes. Webber stated that on or about July 23, 1979, she opened a letter addressed to inmate Deloris Lovings and found a photograph with a note which in part stated, "check out the picture. It's not what you wanted but it's the best picture I could find." Behind the backing of the photograph Webber found a white powder substance which she later delivered to law enforcement forensic scientist Susan Johns. (Susan Johns testified that the photograph contained less than one gram of a controlled substance, namely, methylenedioxyamphetamine.) Webber stated that when she opened the envelope she found the letters "MDA" on the back of the picture with a star on top. The letter was also signed with a star rather than a signature. Webber stated that she had seen a star like it before on defendant's letters and jeans and that when at the Dwight Correctional

Facility defendant had been given the nickname of "Star Baby." Webber added that defendant and Lovings were friends whom she saw together frequently.

After comparing samplers of defendant's handwriting with the letter and the envelope, a handwriting expert testified that in his opinion defendant had written the letter but may not have addressed the envelope.

Webber testified that before taking the powder substance to Susan Johns, she kept the exhibits in Klosterhoff's desk for several days until Chuck Gross of the State Police came to the office. She then took the exhibits from the desk and gave them to Gross who performed some field tests on the substance. She then put the items back in the drawer. She testified that Klosterhoff was still on vacation at this time. Gross testified at trial in establishing a chain of possession of the substance claimed to be MDA and confirmed that he had been into the office and received the letter from Webber.

■ Discovery documents filed by the State had included a written report by Gross wherein he stated that he had come to the prison at Klosterhoff's request and indicated that he had conversations with Klosterhoff while there. Defendant maintains that the failure of defense counsel to use this report for impeachment purposes was incompetence of counsel. It could not have been used directly to impeach Webber as it was not her statement. It might have been used to impeach Gross in that it made no mention of his talking to Webber or receiving the exhibits from her although that was the principal reason he went to the prison. The main value of the document, however, would appear to have been that it might have led to evidence that Klosterhoff was not on vacation when Webber said that he was. However, we cannot say from the record that defense counsel did not check out the discrepancy and determine that there was a valid explanation for it. Only in a proceeding where an evidentiary hearing might be held could it be determined whether reasonable counsel would have made use of this item or whether there was any substantial prejudice to defendant that it was not done. Upon the basis of the record before us on this direct appeal, we cannot determine incompetence of counsel to have resulted from the failure to use this information.

As defendant's conviction was not shown to have been effected by any incompetence of counsel, we affirm the conviction.

Defendant's claim that the trial judge's prejudice against her lifestyle requires that resentencing be before a different judge arises from the judge's comments, during an extremely detailed analysis of his reasons for the severity of the sentence, that he considered her evidence in mitigation to have shown that she had been committing fornication. Defendant's parole officer testifying on her behalf had said that the reason for de-

fendant's not following through on her proposed program of beautician training was because she was influenced not to do so by the man she was living with. The parole officer described the man as being an advocate of free love and having great influence on the defendant. The defense deems consideration of this relationship to be improper because there was no showing that the cohabitation admittedly occurring or the sexual intercourse impliedly taking place was "open and notorious" as required by section 11—8 of the Criminal Code of 1961. Ill. Rev. Stat. 1979, ch. 38, par. 11—8.

We agree with defendant that the testimony of the parole officer was insufficient to establish that defendant's conduct was "open and notorious" as distinguished from that which was "private or discreet." (See *People v. Cessna* (1976), 42 Ill. App. 3d 746, 749, 356 N.E.2d 621, 623.) But it has never been held to indicate prejudice upon the part of a judge to disapprove of the type of conduct under discussion here. The parole officer testifying for defendant pointed out the undesirable result of the relationship.

In *People v. McAndrew* (1968), 96 Ill. App. 2d 441, 239 N.E.2d 314, a sentence to imprisonment was reversed and the case remanded with directions for resentencing before a different judge who was to reconsider the possibilities of placing the defendant on probation. At the original sentencing the trial judge had berated the defendant for his lifestyle. The appellate court stated that the sentencing judge had brought to the sentencing hearing his "own prejudices and predications as to the behavior of hippies as a class, and that the [judge] had such a strong feeling on this subject" that he couldn't give the defendant who wished "to be identified as a hippie" a fair hearing. The defendant was convicted of unauthorized possession of marijuana. The trial court had engaged in much speculation as to the likelihood that defendant would push the use of marijuana in the community. Evidence did show that the defendant was living with a woman to whom he was not married. He testified they did so because they were too poor to live apart and denied that they had engaged in intercourse. The trial judge criticized the defendant for having told people that he and his companion were married when they were not but did not specifically criticize them for living together. The appellate court did not specifically criticize the judge for having considered the living arrangement of the couple. In *People v. Rednour* (1974), 24 Ill. App. 3d 1072, 1077, 322 N.E.2d 492, 496, the defendant was held to have been entitled to resentencing when he had not been properly advised of his right to counsel at sentencing. The court also stated that at the previous sentencing the trial court had improperly considered defendant's lifestyle which the court considered neither "illegal [nor] immoral."

■■ Accordingly, we reject defendant's request that we require a new judge to sit at sentencing.

We affirm the conviction, reverse the sentence and remand for new sentencing in accordance with the views expressed herein.

Affirmed in part; reversed in part; remanded.

MILLS, J., concurs.

Mr. JUSTICE CRAVEN, concurring in part and dissenting in part:

I agree with the majority opinion so far as it goes. My difficulty with it is that it doesn't go far enough. We should reverse the conviction for incompetence of counsel at trial *and* sentencing. If this case is to be retried or another sentence imposed, it should be before a different judge.

The issue as stated rather succinctly by the defendant gives the basis for my dissent. Patty Morgan was denied the effective assistance of counsel where, as here, it appears her appointed counsel failed to make an opening statement, did not call any witnesses for the defense, failed to impeach a key prosecution witness with evidence available in discovery, waived the transcription of closing arguments and allowed his client to be sentenced to a 6-year term of imprisonment as a felon, when the offense for which she was convicted was subject to sentence as a Class A misdemeanor. By any standard, to ascertain incompetence of counsel the foregoing should qualify. The majority by its opinion finds incompetence of counsel at sentencing. That is borne out by the record. The representation permeated the whole trial.

The majority remands for the imposition of sentence and refuses to mandate that sentence be imposed before a different judge. The offense here was the attempt delivery of less than 1/10 of a gram of a substance containing methylenedioxyamphetamine (MDA). The offense was as set forth in the majority opinion a Class A misdemeanor. The maximum penalty with no extended term possible would be 364 days. The trial court imposed an extended term of 6 years and in so doing stated:

> "We have here testimony presented by the defendant that the defendant is involved in the offense of fornication. It is a violation of Sec. 11—8 of the Criminal Code of the State of Illinois. The defendant has produced that testimony here."

Defense counsel objected to the court's findings and argued that it was not against the law for a person to involve himself in activities with another consenting adult in private. The court seemed to find that the behavior was open and notorious. It seems clear to me that the court was expressing a disapproval of a lifestyle and was concluding that the defendant was guilty of the offense of fornication. The reasons expressed by

the court in *McAndrew* are applicable here, and in my view fundamental fairness requires sentencing by a different judge, if another sentence is to be imposed.