THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES W. STILES, Defendant-Appellant.

Second District No. 82—472

Opinion filed January 25, 1984.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

On December 9, 1981, defendant was charged by information with criminal damage to property in excess of $150, a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 21—1(a)). The court accepted defendant's guilty plea to the charge after being notified, with regard to the factual basis for the plea, that the State's witness would testify that defendant damaged the entrance doors to three apartments in a build-

ing owned by Donald Shimek and James Stancel and after defendant stipulated that the damages were in excess of $150. A judgment of conviction was entered and on May 12, 1982, defendant was sentenced to one year imprisonment in the custody of the Department of Corrections.

After defendant's conviction but prior to his sentence, the statute in question was amended to provide that criminal damage to property, with an exception not pertinent here, is a Class A misdemeanor unless the damage to property exceeds $300. (Ill. Rev. Stat. 1981, ch. 38, par. 21—1 (as amended by Pub. Act 82—495, sec. 1, eff. January 1, 1982 (1981 Ill. Laws 2514-15).) It was never determined at the trial court level whether the damages were more or less than $300. The defendant was not given an opportunity to elect to be sentenced under the terms of the amended statute. The defendant has appealed and contends that since he was entitled to be sentenced under the amended statute, which required over $300 in damages to support a felony conviction, and since there was neither a stipulation or a finding beyond a reasonable doubt of the amount of damages attributable to his criminal conduct other than that the damages were in excess of $150, a misdemeanor sentence should be imposed.

■ Although this issue was not raised by the defendant in the trial court, we conclude that fundamental fairness requires that we consider it under the doctrine of plain error. *People v. Brown* (1977), 47 Ill. App. 3d 920, 933; *People v. Morgan* (1981), 93 Ill. App. 3d 12, 13-14; *People v. Hollins* (1972), 51 Ill. 2d 68, 71.

It is also evident that under the recent opinions of this court in *People v. Osborn* (1983), 111 Ill. App. 3d 1078 and *People v. Palmore* (1983), 113 Ill. App. 3d 926, defendant should have been given the opportunity to elect to be sentenced under the amended statute if the damages which resulted from his criminal conduct were less than $300. (Contra, *People v. Jackson* (1983), 112 Ill. App. 3d 908.) If, however, the damages committed by the defendant were in excess of $300, the mitigating provision of the amended statute would not be applicable and there would be no reason to permit defendant to elect between the new and the old act. (See *People v. Osborn* (1983), 111 Ill. App. 3d 1078, 1085.) The crucial factual issue on this appeal, the amount of damages attributable to the defendant's conduct, was not conclusively adjudicated at the trial court level. Resolution of this factual issue is necessary in order to determine the applicability of the mitigating provisions of the amended act.

■ We therefore conclude that justice requires the sentence imposed be vacated and that the cause be remanded to the trial court

with directions that a hearing shall be had on the limited issue of the amount of damages attributable to the criminal conduct of the defendant as charged. If the evidence establishes beyond a reasonable doubt that the defendant's criminal conduct caused damages in excess of $300 to the entrance doors of the apartments in question, the trial court shall re-impose its sentence of one year incarceration in the custody of the Department of Corrections. If the evidence does not so show, the trial court shall hold a new sentencing hearing and sentence the defendant for a Class A misdemeanor.

Sentence vacated and the cause remanded with instructions.

LINDBERG and HOPF, JJ., concur.